KAREN P. HEWITT
United States Attorney
ERNEST CORDERO, JR.
Assistant U.S. Attorney
State of California Bar No. 131865
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7473
Email: ernest.cordero@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINTIA IBARRA, a minor by and through her Guardian ad litem, FRANCISCA JUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 07cv2031-JLS (LSP)<br><br>**ANSWER TO COMPLAINT** |

The United States of America ("Defendant"), through its attorneys, Karen P. Hewitt, United States Attorney, and Ernest Cordero, Jr., Assistant U.S. Attorney, files this Answer to Plaintiff's Complaint.

1.     Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff Sintia Ibarra was born on February 6, 1999. Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and based thereon, denies generally and specifically each, all and every remaining allegation contained therein.

2.     Answering Paragraph 2 of the Complaint, Defendant admits that, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g) - (n), as amended, the Secretary of Health and Human Services deemed Neighborhood Healthcare ("NH") to be an "employee" of the Public Health Service for purposes of the Federal Tort Claims Act ("FTCA") only, effective May

1, 2003, and renewed the deemed status effective January 1, 2006.  Pursuant to 42 U.S.C. § 233(g), NH is deemed to be an employee of the United States for FTCA purposes only, for any acts or omissions alleged against it in the complaint, which occurred on or after May 1, 2003. Defendant admits that NH is a healthcare facility that operates in San Diego County, and that it is a federally-supported healthcare center.  Defendant denies the remaining allegations contained in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendant admits that, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g) - (n), as amended, the Secretary of Health and Human Services deemed NH to be an "employee" of the Public Health Service for purposes of the FTCA only, effective May 1, 2003, and renewed the deemed status effective January 1, 2006.  Pursuant to 42 U.S.C. § 233(g), NH is deemed to be an employee of the United States for FTCA purposes only, for any acts or omissions alleged against it in the complaint, which occurred on or after May 1, 2003. Defendant denies the remaining allegations contained in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendant admits Katherine Francis, M.D., at all times relevant to this action, was a physician duly licensed to practice medicine in the State of California, and that she was employed by NH.  Defendant denies the remaining allegations contained in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DOE Defendants, and based thereon, denies said allegations.

6. Answering Paragraph 6 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DOE Defendants, and based thereon, denies said allegations.  Defendant further alleges that said Paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent an answer is required, said allegations are denied.

7. Answering Paragraph 7 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DOE

Defendants, and based thereon, denies said allegations. Defendant further alleges that said Paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, said allegations are denied.

8. Answering Paragraph 8 of the Complaint, Defendant affirmatively alleges that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

9. Answering Paragraph 9 of the Complaint, defendant affirmatively alleges that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

10. Answering Paragraph 10 of the Complaint, Defendant affirmatively alleges that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

11. Answering Paragraph 11 of the Complaint, Defendant affirmatively alleges that said paragraph contains venue allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff Sintia Ibarra, through her alleged guardian ad litem at the time (not the guardian ad litem in this case), filed an administrative claim that has expired by operation of law. Defendant asserts that the remaining allegations contained in Paragraph 12 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every remaining allegation contained in said paragraph is denied.

///

13. Answering Paragraph 13 of the Complaint, Defendant realleges its responses to Paragraphs 1 through 12 as though fully set forth herein.

14. Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiff received healthcare services from Katherine Francis, M.D. and other employees of NH. Defendant further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DOE Defendants and other unnamed individuals, and based thereon, denies said allegations.

15. Answering Paragraph 15 of the Complaint, Defendant admits that Katherine Francis, M.D. was acting within the scope of her employment at NH when she treated Plaintiff. Defendant denies that Katherine Francis, M.D. was an agent, servant or employee of the United States. Defendant further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DOE Defendants and other unnamed individuals, and based thereon, denies said allegations. Defendant further denies, generally and specifically, each, all and every remaining allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant admits that Plaintiff was prescribed INH, a medication, by Katherine Francis, M.D. Defendant further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DOE Defendants and other unnamed individuals, and based thereon, denies said allegations.

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

///

21.     Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

<u>ADDITIONAL AND/OR AFFIRMATIVE DEFENSES</u>

1.     NH, and its personnel, exercised due care and diligence in accordance with the standard of care in the community with reference to the treatment of Plaintiff, and no negligent act or failure to act by NH or its agents or employees was the actual cause or proximate cause of the injuries or damage alleged in the Complaint or otherwise.

2.     Plaintiff's parents and/or legal guardians knew, or in the ordinary exercise of care should have known, that Plaintiff was undergoing medical treatment which rendered her susceptible to potential complications, injury or damage, and that by doing so, Plaintiff, through her parents and/or legal guardians, voluntarily, freely and expressly assumed all risks associated with said treatment, technique and/or medication.

3.     Plaintiff's recovery, if any, must be reduced to the extent that she has failed to mitigate their damages.

4.     Plaintiff is not entitled to attorneys' fees or pre-judgment interest under the facts of this case. [28 U.S.C. § 2674.]

5.     Defendant is entitled to an offset against damages, if any, for all monies paid to Plaintiff or on her behalf by the United States as a result of Plaintiff's injuries.

6.     All future damages, if any, must be reduced to present value.

7.     Income taxes must be deducted from all alleged past and future lost earnings, if any.

8.     Defendant asserts as an affirmative defense all of the provisions of the California Medical Injury Compensation Reform Act (MICRA), including but not limited to, California Civil Code §§ 3333.1, 3333.2; California Code of Civil Procedure § 667.7; and California Business and Professions Code § 6146.

9.     Defendant is entitled to have the Court consider monies Plaintiff has received for her injuries from collateral sources as a basis for reducing Plaintiff's damages in this action.

///

10. Plaintiff's recovery, if any, is limited to the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

11. Defendant asserts, as an affirmative defense, the provisions of Proposition 51, California Civil Code § 1431.2, providing in part that "each defendant shall be liable only for the amount of non-economic damages allocated to the defendant in direct proportion to that defendant's percentage of fault. . . ."

12. Plaintiff's recovery, if any, must be reduced by the degree of the comparative fault of her parents and/or legal guardians, or of third parties, if any, including but not limited to, any failure to comply with recommendations of health care providers.

13. Plaintiff's recovery from Defendant, if any, must be reduced to the extent Plaintiff's damages were proximately caused, at least in part, by the independent, intervening and superseding acts and omissions of a third person.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by reason of this suit, that judgment be rendered in favor of Defendant, for costs of suit incurred, and for such other and further relief as the Court may deem proper.

DATED: December 31, 2007

KAREN P. HEWITT
United States Attorney

s/ Ernest Cordero, Jr.

ERNEST CORDERO, JR.
Assistant U.S. Attorney

Attorneys for Defendant
United States of America